UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DURWOOD BRIANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TAMRA FALLMAN, et al., <br><br> Defendants. | Case No. 26-cv-01197-JSC <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff Samuel Durwood Brians, a California prisoner at Pelican Bay State Prison ("PBSP") proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983.[1] The complaint names four defendants: Tamra Fallman-Berling and Jamie Walker, two employees of the Del Norte County Superior Court; Angelina Countess, a process server; and Andrea McCovey, a PBSP employee. (ECF No. 1 at 2.) Plaintiff's application for leave to proceed in forma pauperis is granted in a separate order.

For the reasons discussed below, the complaint is DISMISSED for failure to state a claim capable of judicial determination. Plaintiff is granted leave to file an amended complaint.

**BACKGROUND**

Plaintiff Brians alleges he received "Confidential Legal Mail" that had been opened before he received it. (ECF No. 1 at 2.) The mail had been "filed at the Superior Court of California, County of Del Norte by [Defendant] Tamara Fallman-Berling on behalf of [Mr. Brians's] wife (Hazel Cajusay)." (*Id.*) Defendant Countess, a process server, delivered the mail to PBSP, where

---

[1] The complaint lists three additional plaintiffs, whom Plaintiff describes as "my wife, her sister, and her niece." (ECF No. 1 at 2-3.) These additional plaintiffs did not sign the complaint, and they are addressed below. Unless otherwise specified, the term "Plaintiff" in this order refers only to Plaintiff Brians.

United States District Court<br>Northern District of California

Defendant McCovey, a PBSP employee, "signed for" it. (*Id.* at 3.) He alleges the mail "contained personal financial information," which "was left OPEN and EXPOSED to any criminal" during the nine days between its arrival at PBSP and Brians receiving it. (*Id.*) He states he is in "fear for my wife, her sister, and her niece because of the FACT that the financial information contained in the Confidential Legal Mail being left OPEN & EXPOSED." (*Id.*) He alleges that in addition to his mail being opened, he "did not sign for it." (*Id.*) He also alleges he "was DENIED my full 30 days to 'CONTEST' the petition due to the mishandling of these LEGAL DOCUMENTS." (*Id.*) He seeks to have "the court hold themselves and every defendant involved accountable," and he seeks money damages. (*Id.*)

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

I.    <u>Opening of Mail</u>

Plaintiff's allegations regarding the opening of his mail, even when liberally construed in his favor, do not state a plausible claim for the violation of his constitutional rights. Prisoners do enjoy a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Prison officials may inspect mail for contraband without violating a prisoner's constitutional rights. *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail). If the mail is "legal mail," prisoners as have "a protected First Amendment interest in having [it] opened only in their presence." *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017). Mail from a court to a prisoner, as contrasted to mail from a prisoner's lawyer, is not "legal mail" subject to this additional First Amendment protection. *See id.*; *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998); *see also Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) (explaining that correspondence from a court to a litigant is not legal mail because court documents are public documents). Thus, prison officials may open and inspect mail to a prisoner from courts outside the prisoner's presence. *Hayes*, 849 F.3d at 1211; *Keenan*, 83 F.3d at 1094. Because Plaintiff alleges the mail he received that had been opened consisted of court filings sent to him by a state court, under *Keenan* and *Hayes*, it did not constitute "legal mail" that prison officials could not open without him being present. Thus, even liberally construing the complaint, it does not support a reasonable inference Defendants violated his First Amendment rights.

Moreover, this claim cannot plausibly be cured by amendment because the allegations are

3

clear that the opened mail was not, as a matter of law, legal mail that had to be opened in his presence under the First Amendment. Thus, leave to amend this claim is not granted.

B.    Delay in Receiving Mail

Plaintiff's allegations Defendants denied him a "full 30 days" to "contest" a state court "petition" (ECF No. 1 at 3) also do not state a plausible claim for the violation of his constitutional rights. Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Such a violation occurs when action by prison officials hinder a prisoner's ability to litigate a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 349-51, 354-55; *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds as recognized in Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015) ("Impairment of any other litigating capacity [than contesting a conviction or confinement] is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."). Moreover, to state a plausible claim, the prisoner must describe the underlying non-frivolous claim well enough to show that "the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (footnote omitted). Plaintiff's allegations can be liberally construed to support a reasonable inference that Defendants caused delays in the delivery of his mail from the state court that caused him to miss a deadline in a state court proceeding. Plaintiff has not alleged the nature of this proceeding or the petition he wished to contest, so no reasonable inference can be drawn that it concerned his conviction or confinement. Additionally, Plaintiff has not alleged or described any claim he intended to raise in the state court proceeding, so no reasonable inference can be drawn it was not a frivolous claim. Consequently, the complaint does not state a plausible claim Defendants violated his constitutional right of access to the courts by interfering with his ability to pursue a non-frivolous claim concerning his conviction or confinement.

Plaintiff will be given leave to file an amended complaint that cures the deficiencies in this claim.

C.    Multiple Plaintiffs

The complaint includes three family members in addition to Brians as plaintiffs, none of

United States District Court
Northern District of California

whom are represented by a lawyer.  These plaintiffs have not signed the complaint as required by Federal Rule of Civil Procedure 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").  Nor may Brians represent them because he is not a lawyer.  *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear [] on his own behalf, he has no authority to appear as an attorney for others.") (internal quotation marks and citation omitted).  Accordingly, if the three additional plaintiffs wish to be part of this case, they must sign the amended complaint, ordered below.  Under Rule 20(a)(1), moreover, they may only join in the case if their claims arise out of the same or transaction or occurrence or series of transactions or occurrences as Plaintiff Brians's claims, and there is a common question of law or fact as to all claims.[2]  Alternatively, the three additional plaintiffs file their claims in a new complaint in a new case.

## CONCLUSION

For the foregoing reasons,

1.    Plaintiff's claim that Defendants opened his mail is DISMISSED without leave to amend.  Plaintiff's claim that Defendants prevented him from contesting a state court proceeding is DISMISSED with leave to amend.

2.    Plaintiff may file an amended complaint on or before **April 30, 2026**.  The amended complaint must include the caption and civil case number used in this order (No. C 26-1197 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to

---

[2] Rule 20(a)(1) provides:
(1) *Plaintiffs.* Persons may join in one action as plaintiffs if:
(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all plaintiffs will arise in the action.

5

pursue. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, this case may be dismissed.</u>

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: March 31, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

6